**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

| |
|---|
| **DIAMOND WILSON**<br><br>    *Plaintiff*<br><br>  **v.**<br><br>**RHODE ISLAND DEPARTMENT OF CORRECTIONS; WAYNE SALISBURY, Director, Rhode Island Department of Corrections; LYNNE CORRY, Warden, The High Security Center Facility; JASON MASIELLO, Deputy Warden, The High Security Center Facility; and BARRY WEINER, Assistant Director for Rehabilitative Services**<br><br>    *Defendants.* |

**C.A. No. 25-cv-058-MRD-LDA**

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      This case addresses the deprivation of the right to the free exercise of religion of Plaintiff Diamond Wilson in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA"), as well as the deprivation of the equal protection of the laws, in violation of the Fourteenth Amendment.

2.      Mr. Wilson is a practicing Muslim incarcerated by the Rhode Island Department of Corrections ("RIDOC") at the High Security Center in Cranston, Rhode Island. Despite repeated requests by Mr. Wilson, RIDOC and RIDOC officials have prevented him from practicing his religion, including the ability to engage in communal prayer and to meet with an imam.

3.      These denials violate RLUIPA by imposing a substantial burden on Mr. Wilson's religious exercise, and they are not the least restrictive means to achieve a compelling governmental interest.

4.      Defendants' actions also amount to discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment because Defendants allow Christians incarcerated in the HSC to have communal services and to regularly see Christian clergy, while denying these same rights to Mr. Wilson and other Muslim inmates.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Mr. Wilson's claims that Defendants violated his rights under RLUIPA, 42 U.S.C. § 2000cc et seq., and deprived him of the equal protection of the laws, in violation of the Fourteenth Amendment, enforceable under 42 U.S.C. § 1983.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because all the events giving rise to these claims occurred in Cranston, Rhode Island.

## PARTIES

7.      Mr. Wilson is a practicing Muslim who is incarcerated by RIDOC in the High Security Center ("HSC"), a facility in the Adult Correctional Institutions ("ACI"), in Cranston, Rhode Island, assigned to the Restorative Housing Program ("RHP").

8.      Mr. Wilson was assigned to the HSC on August 23, 2023, and has been incarcerated in HSC since.

9.      Defendant RIDOC is a department of the State of Rhode Island, established to provide for the custody, care, discipline, training, treatment, and study of persons committed to state correctional institutions, pursuant to R.I. Gen. Laws § 42-56-1 *et seq*.

10.     Defendant Wayne Salisbury is the Director of RIDOC. In this position, Defendant Salisbury bears responsibility for the management, administration, and supervision of the Rhode Island prison system, pursuant to R.I. Gen. Laws § 42-56-10 *et seq*. As such, Defendant Salisbury is the supervising authority and commanding officer of the other individual Defendants and all RIDOC employees. Defendant Salisbury bears responsibility for creating, maintaining, and implementing RIDOC's policies to accommodate the free exercise of religion of all persons incarcerated by RIDOC.

11.     Defendant Lynne Corry is the Warden of the HSC. She bears responsibility for supervising all RIDOC employees in the HSC and for implementing RIDOC's policies in the HSC.

12.     Defendant Jason Masiello is the Deputy Warden of the HSC. He is responsible for overseeing the day-to-day operations of the HSC and upholding institutional policies. He reports directly to the Warden and works closely with other administrative staff to achieve the facility's goals.

13.     Defendant Barry Weiner is RIDOC's Assistant Director for Rehabilitative Services. In that position, it is his responsibility "to coordinate and supervise all religious programs." 240-RICR-10-00-2 § 2.6.

14.     At all times relevant hereto, each Defendant acted under the color of state law. The individual Defendants are each sued in their official capacities.

## FACTS

### I.     PLAINTIFF'S SINCERE RELIGIOUS BELIEFS AND PRACTICES

15.     Mr. Wilson is a  practicing Muslim who adheres to the tenets of Islam and seeks to practice his religion.

16.     RIDOC recognizes Mr. Wilson to be Muslim, as he is designated as Muslim in INFACTS, RIDOC's inmate database.

17.     Mr. Wilson became Muslim in 2010 in the traditional manner by reciting the *Shahada*, a declaration of faith, in which an adherent states in front of at least two Muslim witnesses: "There is no god but Allah, and Muhammad is the Messenger of Allah." Mr. Wilson has practiced Islam since then.

18.     Mr. Wilson's beliefs arise out of the Sunni Muslim sect. Accordingly, he believes in the five pillars of Islam: *Shahada,* a declaration of faith in Allah and his messenger Muhammad; *Salah*, the ritual prayer required of every Muslim five times a day; *Zakat*, the act of giving a portion of one's wealth to those in need; *Sawm*, the act of fasting during the holy month of Ramadan; and *Hajj*, the pilgrimage to Mecca required of every Muslim at least once in their lifetime if it is within their means.

## II.     RIDOC IMPOSES SUBSTANTIAL BURDENS ON PLAINTIFF'S EXERCISE OF RELIGION

19.     As practicing a Muslim, Mr. Wilson seeks to engage in traditional Muslim religious practices, including weekly communal prayer and regular meetings with an imam.

20.     Both of these practices are recognized to be traditional Muslim practices. *See* United States Bureau of Prisons, *Islam Manual* at pp. 2-5, 14-15 (2017), https://www.bop.gov/foia/docs/islammanual.pdf.

21.     As set forth below, RIDOC prevents Mr. Wilson from engaging in these traditional practices and thereby imposes substantial burdens on his free exercise of religion.

4

### A.    RIDOC Does Not Allow Mr. Wilson to Participate in Communal Prayer

22.    Mr. Wilson is not afforded the opportunity to participate in communal prayer.

23.    Weekly communal prayer plays an important role in Muslim religious practices. It creates a sense of community and is understood to be more rewarding than offering prayer alone. The Prophet says, "[t]he prayer in congregation is twenty-seven times superior to the prayer offered by person alone."

24.    The weekly communal prayer is called *Jumu'ah* and traditionally occurs every Friday.

25.    Communal prayer is important to Mr. Wilson because it allows him to be united with fellow Muslims and to express their faith together.

26.    Since Mr. Wilson was assigned to the HSC, RIDOC has not provided him any opportunity to share communal prayers with other Muslim inmates.

27.    Mr. Wilson has submitted request slips to participate in communal Muslim prayers, but Defendants have repeatedly ignored those requests. Mr. Wilson has never been alerted to any prayer service within his Mod.

28.    Not only have Defendants denied Mr. Wilson's requests to participate in communal prayer, he faces punishment if he attempts to do so, as corrections officers have ordered Muslim prisoners who have tried to gather for prayer in the yard or other common areas to stop or face punishment.

### B.    RIDOC Denies Mr. Wilson Regular Access to an Imam

29.    An imam is a Muslim spiritual leader who guides the community by leading prayers, interpreting the Quran, providing religious guidance on personal matters, and acting as a

5

link between the people and Allah. An imam offers a source of knowledge and support in Muslims' daily lives, acting as a trusted advisor on faith and practice.

30.    Regular access to an imam is important to Mr. Wilson because an imam guides him in his faith and offers spiritual support and counseling.

31.    RIDOC employs an imam, who is an institutional chaplain within the meaning of RIDOC policy and is therefore a "contract employee" of RIDOC. RIDOC Policy 240-RICR-10-00-2 § 2.4(H). The imam visits all of the RIDOC facilities, including HSC.

32.    Although the imam visits HSC, he only meets with inmates in certain cell blocks. In particular, he does not visit Muslim prisoners who are held in "E Mod" or "F Mod," which house inmates on RHP Step 1, the most restrictive level of the program, and those in disciplinary confinement.

33.    Over the past year, Mr. Wilson has repeatedly submitted requests to see an imam, but Defendants have denied or ignored these requests.

34.    Despite his multiple requests, Mr. Wilson has only seen the imam once since his arrival at HSC in 2023, and that was only briefly and by chance. In January 2025, Mr. Wilson saw the imam in passing, and the two spoke briefly. The imam did not come to the HSC to visit Mr. Wilson or other inmates in his Mod that day.

35.    The lack of access to a religious leader significantly burdens Mr. Wilson's ability to practice his religion.

36.    The lack of access to clergy also violates RIDOC policies, which provide that facility chaplains shall make weekly visits to prisoners held in the RHP program in the HSC. *See* Restorative Housing Program, 12.28 DOC RHP Conditions of Confinement IV(E)(1)(e)(9).

37.    RIDOC policy also makes clear that even prisoners at Step 1, the most restrictive level of the RHP program, who have the fewest privileges, are entitled to meet with a chaplain. *Id.*

6

at IV(H)(1); *see also* RIDOC Policy 240-RICR-10-00-2 § 2.3 ("Inmates are not denied personal contact with accredited representatives of their respective faiths.").

38.    The denial of access to clergy for Mr. Wilson contrasts with the treatment of prisoners of different faiths, including Christian prisoners, who are allowed to see their chaplains weekly, even without submitting an advance request to do so.

39.    Mr. Wilson has grieved the denial of access to an imam. However, his grievances have been denied, unanswered, or returned unprocessed. RIDOC has continued to deny Mr. Wilson access to an imam.

## CLAIMS FOR RELIEF

### CLAIM ONE
*Violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) by Denying Plaintiff Congregate Prayer and Access to an Imam*
**(Against All Defendants)**

40.    Paragraphs 1 through 39 are incorporated herein as if restated in full.

41.    Defendants have denied and continue to deny Mr. Wilson the ability to practice his religion by denying him access to weekly communal prayer and denying him regular access to an imam.

42.    This denial substantially burdens Mr. Wilson's religious exercise in violation of RLUIPA.

43.    RLUIPA provides:

**(a) In general**
Government shall not substantially burden a person's exercise of religion

even if the burden results from a rule of general applicability, except as

provided in subsection (b).

**(b) Exception**

7

Government may substantially burden a person's exercise of religion only

if it demonstrates that application of the burden to the person–

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling

governmental interest.

42 U.S.C. § 2000cc-1.

44.    Mr. Wilson is a "person" as that term is used in RLUIPA. 42 U.S.C. § 2000cc1(a), 42 U.S.C. § 1997(3).

45.    Mr. Wilson is confined to the ACI, which is an "institution," as defined in 42 U.S.C. § 1997(1).

46.    Defendant RIDOC is a "government" as that term is defined in RLUIPA, 42 U.S.C. § 2000cc-5(4)(A)(i)-(iii), and each of the individual Defendants are agents of RIDOC.

47.    Under RLUIPA, RIDOC may not impose a "substantial burden" on the "exercise of religion" unless it can demonstrate that the burden is the "least restrictive means" to advance a "compelling governmental interest."

48.    Defendants' denials of Mr. Wilson's ability to engage in communal prayer and meet with the imam impose a "substantial burden" on Mr. Wilson's "exercise of religion."

49.    Defendants cannot satisfy their burden of demonstrating that the substantial burdens on Mr. Wilson's religious exercise are the "least restrictive means" to achieve a "compelling governmental interest."

**CLAIM TWO**
***Violation of the Equal Protection Clause of the Fourteenth Amendment***
**(Against Defendants SALISBURY, CORRY, MASIELLO, and WEINER)**

50.    Paragraphs 1 through 49 are incorporated herein as if restated in full.

8

51.    Defendants Salisbury, Corry, Masiello, and Weiner have denied and are continuing to deny Mr. Wilson the equal protection of the laws based upon his Muslim faith, in violation of the Equal Protection Clause of the Fourteenth Amendment, which is actionable pursuant to 42 U.S.C. § 1983.

52.    Defendants have denied Mr. Wilson and other Muslims in the HSC access to clergy and the ability to participate in communal prayer while allowing Christian prisoners in HSC to meet with clergy every week and attend weekly religious services.

53.    The discriminatory treatment of Mr. Wilson because of his religion violates the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Mr. Wilson respectfully requests that this Court grant the following relief:

A.    A declaratory judgment that all Defendants have violated and are violating Mr. Wilson's rights under RLUIPA and that Defendants Salisbury, Corry, Masiello, and Weiner have violated and are violating Mr. Wilson's rights under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

B.    A permanent injunction ordering Defendants to allow Mr. Wilson to engage in weekly communal prayer with other Muslims and meet regularly with an imam.

C.    An award of reasonable attorneys' fees and costs of litigation, pursuant to 42 U.S.C. § 1988 and other applicable law; and

D.    Any further relief the Court deems just and proper.

9

Dated: April 2, 2025

Respectfully submitted,

DIAMOND WILSON, Plaintiff

By his attorneys,


_____/s/ Jared A. Goldstein_____
Jared A. Goldstein (Bar No. 10715)
Kailey Chalmers, Law Student Counsel
Kaiya Letherer, Law Student Counsel
Prisoners' Rights Clinic
Roger Williams University School of Law
1 Empire Plaza, Ste 435
Providence, RI 02903
(401) 276-4880
Jgoldstein@rwu.edu


_____/s/ Lynette Labinger_____
Lynette Labinger (Bar No. 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI


## CERTIFICATE OF SERVICE

I certify that on the 2nd day of April 2025, a copy of the foregoing document was electronically mailed through the Court's CM/ECF system to all counsel of record.

_____/s/ Jared A. Goldstein_____

10